ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| RAFAEL NEGRÓN RIVERA<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE CORRECIÓN<br><br>Recurrido | **KLRA202300536** | *REVISIÓN ADMINISTRATIVA* procedente de Administración de Corrección<br><br>Caso Núm.:<br>PA-449-23<br><br>Sobre:<br>Revisión |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

Comparece ante este foro el Sr. Rafael Negrón Rivera (señor Negrón o recurrente), por derecho propio, mediante recurso de revisión judicial presentado el 17 de octubre de 2023.[1] Nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* emitida por la División de Remedios Administrativos (DRA) del Departamento de Corrección y Rehabilitación (el Departamento o "agencia recurrida"), la cual fue notificada el 8 de septiembre de 2023.

Por los fundamentos que expondremos a continuación, **DESESTIMAMOS** el presente recurso por falta de jurisdicción, al haberse tornado académico.

### I.

El 15 de marzo de 2023, el señor Negrón, quien se encuentra confinado en la Institución Correccional Ponce 1,000, presentó una *Solicitud de Remedio Administrativo*, núm. PA-449-23, ante la DRA.[2] Mediante esta, indicó que

---

[1] El 10 de otubre de 2023, el señor Negrón presentó ante el Departamento de Corrección y Rehabilitación, el recurso de revisión judicial relacionado a una *Respuesta de Reconsideración al Miembro de la Población Correccional*.
[2] *Solicitud de Remedio Administrativo*, anejo II, pág. 2 del apéndice del recurso.

el 13 de marzo de 2023, mientras era transportado a una cita médica en Bayamón, otro confinado lo agredió. Añadió que, al llegar al área de admisiones de corrección, le tomaron una foto, pero que no fue llevado al área médica, siendo así, un acto negligente por parte del Oficial Vázquez. A su vez, solicitó que se le brindara el nombre de los dos (2) oficiales que lo transportaron ese día.

El 12 de junio de 2023, el recurrente presentó una segunda *Solicitud de Remedio Administrativo*, núm. PA-582-23, en la cual indicó que habían transcurrido más de 30 días desde que había presentado la solicitud núm. PA-449-23, y no había recibido respuesta.[3]

El 27 de junio de 2023, la DRA emitió una *Respuesta al Miembro de la Población Correccional* para la solicitud núm. PA-582-23, en la que expresaron que estaban realizando las gestiones pertinentes para emitir una respuesta a la solicitud núm. PA-449-23.[4] A su vez, presentaron la respuesta a la solicitud núm. PA-449-23,[5] acompañada de una *Respuesta del Área Concernida/Superintendente*, la cual dispuso lo siguiente:[6]

> Sr. Rafael Negrón Rivera confinado, entiendo su preocupación por lo tanto le oriento, el día 13 de marzo de 2023 como usted indica en el remedio, estuvo en una ruta médica donde usted alega unos hechos, pero no es hasta el día siguiente que usted baja al área de admisiones donde yo advine en conocimiento de sus reclamos y supuesta agresión, le tomo las fotos y hice las gestiones pertinente para que usted fuera llevado al área de la Ponce 500 donde se le brindaron los servicios médicos. Se llamó al área de Rutas y Escoltas donde los oficiales asignados a esa ruta indicaron que nadie se había quejado ni en esa ni en ninguna ruta programada para ese día. Sr. Negrón Rivera la petición de los nombres de los oficiales de Ruta y Escoltas asignados para esa ruta medica creo y entiendo

---

[3] *Solicitud de Remedio Administrativo*, anejo VI, pág. 6 del apéndice del recurso.
[4] *Respuesta al Miembro de la Población Correccional*, anejo V, pág. 5 del apéndice del recurso.
[5] *Respuesta al Miembro de la Población Correccional*, anejo I, pág. 1 del apéndice del recurso.
[6] *Respuesta del Área Concernida/Superintendente*, pág. 7 del apéndice del recurso del Departamento.

que usted debe hacer este mismo protocolo de solicitarlo al área correspondiente. Yo contesto mi parte como usted así lo solicitó.

No obstante, el 14 de julio de 2023, el recurrente presentó una *Solicitud de Reconsideración*.[7] En esencia, expresó que no estaba de acuerdo con la respuesta recibida, puesto que, no le han brindado el nombre de los dos oficiales de Ruta y Escolta del día 13 de marzo de 2023.

El 8 de septiembre de 2023, el señor Negrón recibió la *Respuesta de Reconsideración al Miembro de la Población Correccional*, mediante la cual le denegaron la petición de reconsideración.[8] En síntesis, señalaron que, la respuesta emitida por el oficial de corrección certificó que había sido referido al área médica para su evaluación. Además, que de Ruta y Escolta indicaron no hubo incidente durante la travesía del 13 de marzo de 2023.

No conforme con lo anterior, el 10 de octubre de 2023, señor Negrón presentó el recurso de epígrafe, el cual fue presentado ante la Secretaría de este Foro el 17 de octubre de 2023. Mediante este, adujo que la agencia recurrida cometió los siguientes errores:

> Primer Error: Erró la División de Remedios al no brindar los nombres de los oficiales de ruta, escolta.
>
> Segundo Error: Erró la División de Remedios Administrativos, no le dio el seguimiento conforme lo solicitado.
>
> Tercer Error: Erró la División de Remedios Administrativos, ya que esta no resolvió según lo establecido, violando así la igual protección de las leyes.
>
> Cuarto Error: Erró la División de Remedios Administrativos, estas personas amparándose en parámetros amplios de medias verdades y ocultando información.

---

[7] *Solicitud de Reconsideración*, anejo IV, pág. 4 del apéndice del recurso.
[8] *Respuesta de Reconsideración al Miembro de la Población Correccional*, anejo III, pág. 3 del apéndice del recurso.

Por su parte, el 4 de diciembre de 2023, el Departamento compareció ante este foro, mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. Consecuentemente, solicitan la desestimación del recurso, puesto que, el remedio solicitado por el recurrente ya fue concedido.

Así, con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

## II.

### -A-

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, establece que, como Tribunal de Apelaciones, estamos facultados para revisar las "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4006(c), 4 LPRA sec. 24(y)(c). Por su parte, la Ley Núm. 38-2017, mejor conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), es el cuerpo normativo que delimita el alcance de la revisión judicial de las decisiones administrativas.

Específicamente, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, establece que la revisión administrativa ante este foro apelativo intermedio se hará respecto a órdenes o resoluciones finales, luego de que el recurrente haya agotado los remedios provistos por la agencia o el organismo administrativo correspondiente.

### -B-

El Tribunal Supremo de Puerto Rico define el concepto de "jurisdicción" como "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *Gearheart v. Haskell*, 87 DPR 57, 61 (1963). Las cuestiones jurisdiccionales son privilegiadas, por lo que deben ser

resueltas con preferencia. Más aún, cuando tenemos el deber ineludible de examinar prioritariamente nuestra jurisdicción. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Si el tribunal carece de jurisdicción, el único curso de acción posible es así declararlo, sin necesidad de discutir los méritos del recurso en cuestión. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). De no hacerlo, la determinación sería nula, por lo que carecería de eficacia. *Morán v. Martí*, 165 DPR 356, 364 (2005).

Como es sabido, los tribunales estamos llamados a ser celosos guardianes de nuestra jurisdicción. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994 (2012); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Por ello, antes de entrar en los méritos de una controversia, es necesario que nos aseguremos que poseemos jurisdicción para actuar.

Es norma reiterada que "[u]na apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001). Según se ha definido, un recurso prematuro es uno que se ha presentado en la secretaría de un tribunal apelativo antes de tiempo o antes de que haya comenzado el término para que dicho foro apelativo pueda adquirir jurisdicción. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008).

Todo recurso presentado prematuramente carece de eficacia y por tanto no produce efecto jurídico alguno. *Íd*. Esto, pues al momento de ser presentado, el tribunal no tiene autoridad para acogerlo. Véase *SLG Szendrey-Ramos*

*v. F. Castillo*, supra; *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 370 (2003); *Juliá et al. v. Epifanio Vidal S.E.,* supra, citando a *Pueblo v. Santana Rodríguez*, 148 DPR 400 (1999).

A nivel apelativo, el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, faculta a este foro a desestimar *motu proprio* un recurso apelativo si se satisface alguno de los criterios contenidos en la Regla 83, 4 LPRA Ap. XXII-B R.83. La referida regla, en lo pertinente, dispone lo siguiente:

> […]
>
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta Regla. Véase, además, *Plan de Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714 (2011) y *Dávila Pollock et als. V. R.F. Mortgage*, 182 DPR 86 (2011).

–C–

El principio de justiciabilidad es una doctrina de autolimitación del poder judicial. Ésta responde al papel asignado a la judicatura, en una distribución tripartita de poderes, que está diseñada para asegurar que los tribunales no intervendrán en áreas sometidas al criterio de otras ramas de gobierno. Véase, *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 720 (1980); *Flast v. Cohen*, 392 US 83 (1968). Por lo tanto, el poder de revisión judicial únicamente puede ejercerse en un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta,

cuya solución no tendrá consecuencias para las partes. Véase, *ELA v. Aguayo*, 89 DPR 552, 558-559 (1958).

La referida doctrina responde a que "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real de obtener un remedio que haya de afectar sus relaciones jurídicas." *ELA v. Aguayo*, supra, pág. 559. Véase, además, *Hernández Torres v. Gobernador*, 129 DPR 824 (1992). De esta forma, nos aseguramos de que el promovente de una acción posea un interés en el pleito "de tal índole que, con toda probabilidad, habrá de proseguir su causa de acción vigorosamente y habrá de traer a la atención del tribunal las cuestiones en controversia." *Noriega v. Hernández*, 135 DPR 406, 427 (1994).

Al asegurarse de que los asuntos que se traigan a su consideración sean justiciables, los tribunales deben evaluar que dichos asuntos: 1) no envuelvan aspectos relacionados con la política pública que paute el Ejecutivo; 2) las partes tengan capacidad jurídica o legitimación activa para promover el pleito; 3) **la controversia no sea académica o consultiva**; y, 4) la controversia esté madura. *Acevedo Vilá v. Meléndez Ortiz*, 164 DPR 875, 885 (2005). (Énfasis suplido). Véase, además, *UPR v. Laborde Torres y otros I*, 180 DPR 253, 280 (2010); *Noriega v. Hernández,* supra, pág. 421.

Así las cosas, una controversia puede convertirse en académica cuando "su condición viva cesa por el transcurso del tiempo." Véase, *UPR v. Laborde Torres y otros I*, supra, pág. 281. Nuestro Tribunal Supremo ha expresado que "[l]a doctrina de academicidad es una manifestación del principio de justiciabilidad." *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014). Conforme a lo anterior, es forzoso concluir que un caso no es justiciable si la

controversia se ha tornado académica. *Íd*. Lo anterior, debido a que el remedio que se pueda obtener del tribunal no tendrá efecto real alguno respecto a dicha controversia. *Noriega v. Hernández*, supra; *Asoc. de Periodistas v. González*, 127 DPR 704 (1991); *El Vocero v. Junta de Planificación*, 121 DPR 115 (1988). Por tanto, cuando los casos pierden su carácter adversativo tornándose académicos, es nuestro deber abstenernos de considerar los méritos del mismo. *Misión Industrial v. Junta de Planificación*, 146 DPR 64 (1998).

### III.

Examinado el recurso de epígrafe, concluimos que carecemos de jurisdicción para entrar en los méritos. Esto, pues estamos ante un recurso de revisión judicial que se ha tornado académico, luego de su presentación.

El recurso del señor Negrón gira en torno a que no recibió la atención médica luego del alegado incidente con otro confinado, el 13 de marzo de 2023. Además, había solicitado los nombres de los dos oficiales que lo llevaron a su cita médica en la misma fecha, y el DRA no le había brindado. No obstante, en el escrito presentado por la agencia recurrida, nos informaron que el recurrente, el 14 de marzo de 2023, fue evaluado por el Dr. Edwin Martínez Rosario en la Sala de Emergencias del Complejo Correccional de Ponce.[9] A su vez, certificaron que le brindaron los dos nombres de los oficiales de Ruta y Escolta que lo transportaron el 13 de marzo de 2023 a su cita médica en Bayamón.[10]

Siendo ello así y no estando presente alguna de las excepciones contempladas en el derecho antes expuesto,

---

[9] Véase, *Physician Correctional*, anejo II, pág. 12 del apéndice del recurso del Departamento.
[10] Véase, *Información Solicitada para MPC Rafael Negrón Rivera*, anejo III, pág. 13 del apéndice del recurso del Departamento.

desestimamos el presente recurso por falta de jurisdicción, al haberse tornado académico.

**IV.**

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso interpuesto.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones